UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PHYLLIS EMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 1:16-cv-2458 |
| | ) | |
| SVC MANUFACTURING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT AND DEMAND FOR JURY TRIAL

I. NATURE OF THE CASE

1.      This is an action brought by Plaintiff, Phyllis Emmons ("Emmons"), by

counsel, against Defendant, SVC Manufacturing, Inc. ("Defendant"), for violating the

American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq.* and

Indiana common law.

II. PARTIES

2.      Emmons, at all times relevant to this litigation, resided within the

geographical boundaries of the Southern District of Indiana.

3.      Defendant is a corporation that maintains offices and conducts business in

the Southern District of Indiana.

III. JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 42 U.S.C. § 12117.

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

6.      At all times relevant to this action, Emmons was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7.      Emmons has a "disability" as that term is defined by 42 U.S.C. § 12102(2).

8.      Emmons is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8).

9.      Emmons exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

10.     A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

11.     Emmons was hired by Defendant on or about April 25, 2005 as a Machine Operator.

12.     At all relevant times, Emmons met or exceeded Defendant's legitimate performance expectations.

13.     On or about June 13, 2013, Emmons suffered an on the job injury to her back.  She filed and received workers compensation benefits for her injury.

14.     After significant treatment, Emmons was diagnosed with Spinal Stenosis and a Herniated Disc.

15.     Following her injury, Emmons worked on light duty through November 2013.

16.     After an injection, Emmons returned to regular duty through February 2014.

17.     Beginning in February 2014, Emmons returned to light duty due to pain caused by her condition and remained on light duty through November 6, 2014.

18.     In November 2014, Emmons requested an accommodation from the Defendant so that she could continue working for them.  Her production supervisor, Mackenzie, and Sarah Litz, a Human Resources Representative, informed Emmons that Defendant would try to find other work for her, including looking for potential openings at other sites. However, Defendant never attempted to find Emmons other work and never contacted her with any potential positions.

19.     Instead, Defendant, without informing Emmons, placed her on an unpaid medical leave.

20.    There have been positions that the Emmons could perform with her restrictions; however, Defendant refused to accommodate her by transferring her into one of the open positions.

## V.  LEGAL ALLEGATIONS

### COUNT I-DISABILITY DISCRIMINATION

21.    Paragraphs one (1) through twenty (20) of Emmons' Complaint are hereby incorporated.

22.    Defendant violated Emmons' rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. by subjecting her to disparate treatment because of her actual or perceived disability.

23.    Defendant's actions were intentional, willful and in reckless disregard of Emmons's rights as protected by the ADA.

24.    Emmons has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II: VIOLATION OF INDIANA COMMON LAW

25.    Emmons hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint.

26.    Defendant unlawfully retaliated against Emmons for having filed and received workers compensation benefits.

27.    Defendant's actions were intentional, willful, and in reckless disregard of Emmons's rights.

28.     Emmons suffered damages as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Phyllis Emmons, by counsel, respectfully requests that this Court find for Plaintiff and:

1.     Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2.     Pay Plaintiff's lost wages and benefits;

3.     Pay to Plaintiff compensatory damages, including, lost future earning capacity under the ADA and Indiana law;

4.     Pay to Plaintiff punitive damages for Defendant's violations of the ADA and Indiana law;

5.     Pay to Plaintiff pre- and post-judgment interest;

6.     Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7.     Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s Andrew Dutkanych_____
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone:    (812) 424-1000
Email:         ad@bdlegal.com
*Attorneys for Plaintiff, Phyllis Emmons*

## DEMAND FOR JURY TRIAL

The Plaintiff, Phyllis Emmons, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s Andrew Dutkanych_____
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone:    (812) 424-1000
Email:        ad@bdlegal.com

*Attorneys for Plaintiff, Phyllis Emmons*